JiDECUIR, Judge.
This appeal arises out of a divorce action wherein the trial court awarded Mona Lisa Dore permanent periodic alimony of $225.00 per month. Michael Dore brings this appeal assigning two errors concerning the alimony award.

FACTS

Michkel and Mona Lisa were married in February 1971. There were no children bom nor adopted during the marriage. The parties physically separated on February 17, 1993. In August of 1993, Michael filed a petition for divorce based on Civil Code Article 103. Mona Lisa filed a rule for alimony pendente lite, use of the family home, partition of community property and permanent alimony. A judgment of divorce was granted on December 13, 1993.
The issues of fault and alimony were heard by the court on April 13, 1994. The trial judge found that Mona Lisa’s refusal to have children was not sufficient to constitute mental cruelty and therefore did not bar her from receiving permanent alimony. The court awarded alimony in the amount of $225.00 per month. Michael lodged this appeal.

*185
LAW AND DISCUSSION

On appeal, Michael Dore assigns two errors on the part of the trial court. He contends that the trial judge erred in finding Mona Lisa Dore free from fault and in failing to consider the relative financial situation of the parties. The crux of Michael’s argument on his second assignment of error |2is that the trial court should not have awarded permanent alimony because Mona Lisa earns as much or more than Michael. We agree and for the following reasons reverse the judgment of the trial court.
In order to receive alimony after divorce, a spouse must demonstrate both freedom from fault and a lack of sufficient means. La.Civ.Code art 112. Only the spouse who proves insufficient means of support may be awarded alimony. Russell v. Russell, 520 So.2d 435 (La.App. 3 Cir.1987), writ denied, 520 So.2d 119 (La.1988), cert. denied, 490 U.S. 1097, 109 S.Ct. 2447, 104 L.Ed.2d 1002 (1989).
The factors to be considered in determining the entitlement to and amount of alimony after divorce are: (1) the income, assets and means of the spouses; (2) the liquidity of their assets; (3) the financial obligations of the spouses, including their earning capacity; (4) custody, where applicable; (5) the time necessary for the recipient to acquire appropriate education, training or employment; (6) the health and age of the parties; and (7) any other relevant circumstances. La.Civ.Code art. 112 A(2); Allen v. Allen, 94-1090 (La. 12/12/94); 648 So.2d 359.
In this case, neither party has sufficient means for his or her support. Both Michael and Mona Lisa are supplementing their incomes with proceeds from the sale of community stock holdings. The parties’ incomes are virtually identical and they share the community debts equally. The only factor suggesting the need for alimony is Michael’s supposedly greater earning capacity. Given the age of the parties and the economic realities of our world, as evidenced by Michael’s inability to find employment, this alone is not sufficient to support an award of permanent alimony.
Considering the factors above as they apply to the facts in this case, we find that the trial court’s award of permanent alimony was manifestly erroneous. Accordingly, we reverse the trial court’s award of alimony after divorce and pretermit the question of whether Mona Lisa Dore was at fault in the demise of the marriage. All costs of this appeal are assessed to Mona Lisa Dore.
REVERSED.